**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **CRIMINAL ACTION NO: 3:01CR-99-02-C** |
| **KOKO A. TAYLOR** | **DEFENDANT** |

**REPORT AND RECOMMENDATION**

This matter came before the Magistrate Judge for a revocation hearing on February 15, 2006 regarding a petition on alleged violations of probation filed by the United States (DN 63). There appeared Bryan Calhoun, Assistant United States Attorney, and the defendant, Koko A. Taylor, in person, with Jamie L. Haworth, Assistant Federal Defender.

At the initial appearance on February 9, 2006, the defendant acknowledged his identity, was advised of his rights and was furnished a copy of the petition filed by the United States. The allegations in the petition involve numerous violations of standard conditions of the defendant's probation, which began on January 22, 2002, and are set forth below:

> 1. On 9/13/2002, 11/14/2002, 11/22/2002, 11/26/2002, 12/27/2002 and 1/2/2003 the defendant tested positive for morphine and codeine.
>
> 2. On 12/19,2002, the defendant tested positive for codeine.
>
> 3. On 1/29/2003, the defendant tested positive for THC (marijuana).

    4. On 10/13/2002, the defendant left the judicial district without the permission of the Court or the Probation Officer, which is in direct violation of standard condition # 1.

    5. On 3/20/2004 the defendant was arrested and charged with Theft by Unlawful Taking; on 7/6/2004, the defendant plead guilty to a 6/12/2004 offense of Theft by Unlawful Taking; and on 1/10/2006, the defendant plead guilty to a 5/8/2005 offense of Operating a Motor Vehicle under the Influence of Alcohol/Drugs, which is in direct violation of an explicit condition that the defendant not commit another federal, state or local crime.

At the revocation hearing on February 15, 2006, the defendant executed a waiver of preliminary examination and a waiver of allocution. Counsel advised the Court that they had come to an agreed disposition and had a proposed recommendation to present to the Court for resolution of this matter.

## RECOMMENDATION

Therefore, the undersigned Magistrate Judge recommends to the District Court that the defendant's term of probation should not be revoked based on his violation conduct, but that the conditions of his probation be modified as set forth below. Among other factors, the defendant has been regularly employed at a good-paying position with an established, stable employer. The service of time described below on weekends will allow him to continue in this job. Also, the defendant has accepted responsibility for the violations.

## CONCLUSION

The undersigned Magistrate Judge recommends that the defendant shall be committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THIRTY (30) days** as to the single count in the Indictment. The **30 Days shall be served on TEN (10)**

**consecutive weekends** beginning at **6:00 p.m. on a Friday, to 6:00 p.m. on a Sunday,** as directed.

All other terms and conditions of this Court's original judgment in the case shall remain in full force and effect.

Copies to:
United States Attorney
United States Marshal
Chief U.S. Probation Officer
Counsel for Defendant

## NOTICE

Within ten (10) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd., 474 U.S. 140 (1985). 28 U.S.C. Section 636(b)(1)(C); Fed.R.Civ.P. 72(b).

0 | 30